| | |
|---|---|
| **Law Offices of**<br>**WILLIAM R. SALMON, JR.**<br>By:  William R. Salmon, Jr., Esquire<br>Bucks County Office Center<br>1200 Veterans Highway, Suite C-0<br>Bristol, Pennsylvania  19007<br>ID # 19936<br>Telephone:   267-812-5610 | Attorney for Defendant,<br>ROGER CACKOVIC d/b/a<br>RJ CACKOVIC, INC. and d/b/a<br>RJ CACKOVIC AUTO SALES,<br>SERVICE AND RENTAL |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMINO GIANNONE;<br>GIANNONE SERVICES, INC.<br><br>VS<br><br>CLYDE NEIHART, ET AL. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: 13-5137<br><br>ANSWER AND COUNTERCLAIM<br>OF DEFENDANT, ROGER CACKOVIC<br>d/b/a RJ CACKOVIC, INC. and d/b/a<br>RJ CACKOVIC AUTO SALES, SERVICE<br>AND RENTAL |

<u>ANSWER AND COUNTERCLAIM OF DEFENDANT,
ROGER CACKOVIC d/b/a RJ CACKOVIC, INC. and
d/b/a RJ CACKOVIC AUTO SALES, SERVICE AND RENTAL
TO COMPLAINT OF PLAINTIFFS</u>

Comes the Defendant, ROGER CACKOVIC d/b/a RJ CACKOVIC, INC. and d/b/a RJ CACKOVIC AUTO SALES, SERVICE AND RENTAL, by and through counsel, WILLIAM SALMON, ESQUIRE, and files the within Answer to the Plaintiffs' Complaint and Counterclaim against the Plaintiffs, and in support thereof alleges the following:

Answering Defendants' Answer to Introduction set forth in Plaintiffs' Complaint:

I.      Answering Defendants, ROGER CACKOVIC d/b/a RJ CACKOVIC, INC. and d/b/a  RJ CACKOVIC AUTO SALES, SERVICE AND RENTAL (hereinafter referred to as "CACKOVIC"), denies the allegations set forth in the introduction and alleges that after reasonable investigation and consideration of CACKOVIC'S limited knowledge about the other parties in the instant matter, Answering Defendants are without sufficient knowledge, information or belief to respond to the allegations.  The only knowledge of any business transacted between the parties as alleged possessed by the Answering Defendants is that a motor vehicle title was notarized by Roger Cackovic, to verify that the parties were present before him as a notary public and that they had

identified themselves properly to him, and the processing of title papers to transfer title to a motor vehicle. By way of further answer, Cackovic denies the truth of the Plaintiffs' allegations and demands proof thereof at the time of trial.

Answering Defendants' Answer to "Jurisdiction and Venue" section of Plaintiffs' Complaint:

II. 1. The allegation is merely a legal conclusion to which Cackovic has no obligation to reply, but to the extent that further reply is required, although the allegation contains no factual allegations, Cackovic denies the allegation and demands proof of any factual allegations at trial which would support its jurisdictional claim. Answering Defendants are without sufficient knowledge, information or belief to assert whether they could admit anything which Plaintiffs may assert confers jurisdiction as pleaded.

2. The denials set forth hereinabove at Paragraph 1 are incorporated herein by reference as if fully set forth at this paragraph.

Answering Defendants' Answer to "Parties" section of Plaintiffs' Complaint:

III. 3. Admitted.

4. Admitted.

5. Denied, and proof of the allegations is demanded at trial. Cackovic denies knowledge of Defendant's, CLYDE NEIHART, acting under color of state law, although it is admitted that said Defendant maintains the alleged address. By way of further answer, Cackovic is without sufficient knowledge, information or belief to determine the truth of the allegation that Clyde Neihart did anything such as is alleged.

6. Denied and proof of the allegations is demanded at trial. Cackovic has no idea who Jeffrey McGee is, let alone anything relative to his activities as alleged. It is unknown to Cackovic whether the individual alleged is a police department officer or a detective, or acted under color of state law in any way whatsoever. Cackovic is without sufficient information, knowledge or belief to determine any further reply. Addtionally, Cackovic has no idea who or what "john doe" is as alleged and has no information relative to any such party or its alleged activities.

7. Denied and proof of the allegations is demanded at trial. Cackovic does not know any such individual, let alone what his alleged activities are, as well as the alleged "john doe," and therefore Answering Defendants are without sufficient knowledge, information or belief to formulate any opinion about the truth of the allegations.

8. Denied, and proof of the allegations is demanded at trial. Although Cackovic admits he knows of Plymouth Township as being a governmental entity, to the

best of his knowledge, information and belief, and that he believes it is located within Montgomery County, Pennsylvania, Answering Defendants could not be able to formulate any belief based upon any form of reason or knowledge that would indicate the truth of the allegation that the alleged municipality does business as a police department.

      9.    Denied and proof of the allegations is demanded at trial. Cackovic does not know any such individual, let alone what his alleged activities are, and therefore Answering Defendants are without sufficient knowledge, information or belief to formulate any opinion about the truth of the allegations.

      10.    Admitted that Cackovic is an adult individual. Also admitted that Cackovic is an officer of the Defendant corporation, but denied that the individual, Roger Cackovic, does business as RJ Cackovic, Inc., as Roger Cackovic is an individual and does not do business as an individual, rather the alleged corporation conducts the business alleged as a corporation, as well as said corporation doing business under the name, RJ Cackovic Auto Sales, Service & Rental at the alleged address.

      11.    Denied, and proof of the allegations is demanded at trial. The allegation is confusing and alleges the existence of unknown entities or individuals, and thus after reasonable investigation Cackovic is unable to formulate any reasonable belief as to the truth of the allegations.

Answering Defendants also assert pursuant to Rule 12 that this Honorable Court has no subject matter jurisdiction over the matters alleged in Plaintiffs' Complaint, as no parties acted under color of state law, nor acted in a course of conduct or conspiracy to deprive the Plaintiffs of their rights under federal statute or the Constitution.

Answering Defendants' Answer to "Statement of Claims" section of Complaint

IV.    12.    Denied, and proof of the allegations is demanded at trial. Cackovic has not yet investigated the business transacted on the alleged date, but it is possible that the parties had notary and title work performed by the Defendant Corporation, R.J.Cackovic, Inc. on the alleged date. It is admitted that Defendant Corporation, R.J. Cackovic, Inc. was selected by the parties to notarize papers and do and to transfer a motor vehicle title, but Cackovic is not familiar with any leases.

      13.    Denied, and proof of the allegation is demanded at trial. Cackovic has not seen any lease agreement as alleged and has no knowledge of it to the best of his knowledge, information and belief.

      14.    Denied, and proof of the allegation is demanded at trial. Cackovic is not familiar with the laws concerning whether an entity such as Neihart is or is not a financial institution, nor whether he could lease a truck to Plaintiff as alleged, so

accordingly, the Answering Defendants are without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

15. Denied, and proof of the allegation is demanded at trial. It is specifically denied that Cackovic provided any advice whatsoever to Plaintiff and merely notarized papers and performed a title transfer for a motor vehicle. It is also specifically denied that the parties agreed upon anything as a result of receiving any advice from Cackovic who provided no such advice. It is admitted that Plaintiff rece3ived a title for the motor vehicle relevant to the papers Cackovic notarized.

16. Denied, and proof of the allegation is demanded at trial. Cackovic has no knowledge of the employment history of the Plaintiff and did not discuss same with him. Therefore, after reasonable investigation, Cackovic is without without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

17. Denied, and proof of the allegation is demanded at trial. Cackovic is without any information related to Plaintiffs' decisions. Therefore, after reasonable investigation, Cackovic is without without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

18. Denied, and proof of the allegation is demanded at trial. Cackovic is without any information related to Defendant's, Neihart, demands upon Plaintiffs. Therefore, after reasonable investigation, Cackovic is without without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

19. Denied, and proof of the allegation is demanded at trial. Cackovic is without any information related to Plaintiffs' alleged refusal or explanations to Defendant, Neihart. Therefore, after reasonable investigation, Cackovic is without without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

20. Denied, and proof of the allegation is demanded at trial. Cackovic had nothing to do with the parties, except notarizing papers and processing a motor vehicle transfer. After reasonable investigation, Cackovic is without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

21. Denied, and proof of the allegation is demanded at trial. Cackovic had nothing to do with the parties, except notarizing papers and processing a motor vehicle transfer. After reasonable investigation, Cackovic is without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

22.     Denied, and proof of the allegation is demanded at trial.  Cackovic had nothing to do with the parties, except notarizing papers and processing a motor vehicle transfer.  After reasonable investigation, Cackovic is without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

23.     Denied, and proof of the allegation is demanded at trial.  Cackovic had nothing to do with the parties, except notarizing papers and processing a motor vehicle transfer.  After reasonable investigation, Cackovic is without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

24.     Denied, and proof of the allegation is demanded at trial.  Cackovic has no knowledge of the actions of the alleged Venezia, nor the alleged police representatives, nor what allegedly occurred between them.  After reasonable investigation, Cackovic is without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

25.     Denied, and proof of the allegation is demanded at trial.  Cackovic has no knowledge of any police detective, Jeffrey McGee, nor his actions as alleged by Plaintiff.  After reasonable investigation, Cackovic is without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

26.     Denied, and proof of the allegation is demanded at trial.  Cackovic has no knowledge of any police detective, Jeffrey McGee, nor his actions as alleged by Plaintiff.  After reasonable investigation, Cackovic is without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

27.     Denied, and proof of the allegation is demanded at trial.  Cackovic has no knowledge of any police detective, Jeffrey McGee, nor his actions as alleged by Plaintiff.  After reasonable investigation, Cackovic is without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.

28.     Denied, and proof of the allegation is demanded at trial.  Cackovic has no knowledge of any police detective, Jeffrey McGee, nor his actions as alleged by Plaintiff.  After reasonable investigation, Cackovic is without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations.  Cackovic has no knowledge of the entire alleged event.

29.     Denied, and proof of the allegation is demanded at trial.  Cackovic has no knowledge of any police detective, Jeffrey McGee, nor his actions as alleged by Plaintiff.  After reasonable investigation, Cackovic is without sufficient knowledge,

information or belief with which to formulate a reasonable answer as to the truth of the allegations. Cackovic has no knowledge of the entire alleged event.

30-33. Denied, and proof of the allegation is demanded at trial. Cackovic has no knowledge of any police detective, Jeffrey McGee, nor his actions as alleged by Plaintiff. After reasonable investigation, Cackovic is without sufficient knowledge, information or belief with which to formulate a reasonable answer as to the truth of the allegations. Cackovic has no knowledge of the entire alleged event.

34.     Denied, and proof of the allegation is demanded at trial. Cackovic received no telephone call from the alleged Detective McGee, and did not talk to him. It is unknown to answering defendants who the detective called or for what reason. Furthermore, Cackovic provided no statements to said detective, completely contrary to the allegations of the Plaintiffs. Whether any such statements were "opposite of Cackovic's earlier advice to Plaintiff and Neihart," Answering Defendants incorporate herein by reference all the foregoing responses in its answer as if fully set forth herein.

35.     Denied, and proof of the allegations are demanded at trial. It is specifically denied by Cackovic that it notarized any lease agreement, although it is admitted that notary services were provided to the parties alleged. Cackovic also specifically denies having "brokered and, in fact, sold Plaintiff the truck" as alleged. Answering Defendants did not engage in assisting Plaintiffs and Defendant Neihart in any motor vehicle transactions other than as alleged by Cackovic above, to wit, providing notary services and title transfer processing.

36.     Denied, and proof of the allegations is demanded at trial. Cackovic has no knowledge of who has possession of the alleged truck, nor Defendant's, Neihart, alleged refusal to return it to Plaintiff, nor anything about Plaintiffs' belongings.

37.     Denied, and proof of the allegation is demanded at trial. Cackovic has no knowledge of any repossession activities engaged in as alleged, and never purported to have anything to do with repossession of any vehicle as alleged,.

38.     Denied, and proof of the allegations is demanded at trial. Answering Defendants have no knowledge, information or beliefs with respect to the allegation, except it is specifically denied that Cackovic did anything alleged in this paragraph and incorporates herein by reference all of its above responses as if fully set forth herein.

39.     Denied, and proof of the allegations is demanded at trial. Answering Defendants never acted in connection with any repossession of any vehicle, did not participate in any custom, policy or practice causing violations of Plaintiffs' rights, and never involved themselves in the civil contract matters, including repossession as alleged. The allegations have nothing whatsoever to do with the Cackovic parties.

40.     Denied, and proof of the allegation is demanded at trial. Cackovic has no information, nor knowledge or belief relative to anything done by the Plymouth Township Police Department.

### Answering Defendants' Answer to "Causes of Action" section of Complaint

41.     Admitted that prior paragraphs are incorporated, but all factual allegations are denied as set forth above. The paragraph requires no reply, at any rate.

42.     Denied, and proof of the allegation is demanded at trial. Cackovic denies any obligation to provide hearings to the Plaintiffs and knows nothing about why they would be alleged to have any such obligations. Cackovic has no knowledge, information or belief otherwise about any repossession activity alleged to have occurred as set forth in the Complaint, and had nothing to do with any such activity.

43.     Denied, and proof of the allegations are demanded at trial. Cackovic knows nothing about any alleged repossession, nor whether it would constitute any legal violations, and furthermore such allegations are merely conclusions of law to which no factual denial is required.

44.     Denied, and proof of the allegations is demanded at trial. The Cackovic Defendants specifically deny clothing themselves with color of state authority through the use of the said police department.

45.     Denied, and proof of the allegations is demanded at trial. Cackovic did nothing to act in concert with any alleged state actors, and denies having been a state actor as alleged and has no knowledge of any aid or assistance rendered by McGee as alleged or whether it ever occurred, having no contact with said Detective. The remainder of the allegations are legal conclusions to which no factual response is required.

46.     Denied, and proof of the allegations is demanded at trial. Cackovic specifically denies any willful, reckless or malicious actions on his party and never acted in any effort to deprive the Plaintiffs of their rights as alleged. Cackovic incorporates herein by reference the responses it has provided above as if fully set forth herein.

### Answering Defendants' Answer to "Fraud" section of Plaintiffs' Complaint

47.     Admitted that prior paragraphs are incorporated, but all factual allegations are denied as set forth above. The paragraph requires no reply, at any rate.

48. Denied, and proof of the allegations is demanded at trial. The allegation is also confusing and incapable of interpretation or understanding and is therefore objected to as violating the federal Rules of Civil Procedure. It is unknown to Cackovic to what "material facts" reference is made, and general reference to "the aforesaid" does not permit a reasonable interpretation of what is alleged. Cackovic incorporates herein by reference the responses it has provided above as if fully set forth herein.

49. Denied, and proof of the allegations is demanded at trial. Cackovic specifically denies acting in such a way as to attempt anything alleged. Cackovic incorporates herein by reference the responses it has provided above as if fully set forth herein.

50. Denied, and proof of the allegations is demanded at trial. Again, the allegation is confusing and incapable of understanding. To what the Plaintiffs refer as "the aforesaid" is unknown to Cackovic. It is specifically denied that Plaintiffs relied upon any misrepresentations or omissions of Cackovic, and Cackovic incorporates herein by reference the responses it has provided above as if fully set forth herein.

51. Denied, and proof of the allegation is demanded at trial. For the reasons set forth in Cackovic's responses above, which are incorporated herein by reference as if fully set forth, it is specifically denied that Cackovic caused any harm or damages to the Plaintiffs.

Answering Defendants' Answer to "Conspiracty and Aiding and Abetting" Section of its Complaint

52. Admitted that prior paragraphs are incorporated, but all factual allegations are denied as set forth above. The paragraph requires no reply, at any rate.

53. Denied, and proof is demanded at trial. It is specifically denied by Cackovic that they acted in the alleged manner. By way of further reply, what the alleged actions constitute is merely a legal conclusion to which no factual reply is required.

54. Denied, and proof is demanded at trial. It is specifically denied by Cackovic that they acted in the alleged manner, and Cackovic incorporates herein by reference the responses it has provided above as if fully set forth herein.

55. Denied, and proof thereof demanded at trial. Cackovic did not caused Plaintiffs' damages. Furthermore, the allegation is a legal conclusion to which no further factual reply is required.

Answering Defendants' Answer to "Monell" section of Plaintiffs' Complaint

56.  Admitted that prior paragraphs are incorporated, but all factual allegations are denied as set forth above. The paragraph requires no reply, at any rate.

57.  Denied, and proof is demanded at trial. It is specifically denied that any actions or omissions by Cackovic demonstrated indifference of any kind to anyone's rights, nor caused any such violations as set forth hereinabove.

58.  Admitted that prior paragraphs are incorporated, but all factual allegations are denied as set forth above. The paragraph requires no reply, at any rate.

59.  Denied, and proof demanded at trial. It is specifically denied that Plaintiff suffered any harm due to actions of the Cackovic Defendants, and Cackovic incorporates herein by reference the responses it has provided above as if fully set forth herein.

Answering Defendants' Answer to "Abuse of Process" section of Complaint

60.  Admitted that prior paragraphs are incorporated, but all factual allegations are denied as set forth above. The paragraph requires no reply, at any rate.

61.  Denied, and proof demanded at trial. By way of further reply, the allegations are legal conclusions to which no factual reply is required. To the extent that further reply is required, Cackovic denies any action on its parts involving repossession, investigation, pre-deprivation hearings, and that it ever acted with respect to Plaintiffs in any manner being intentional, wanton, malicious or with reckless disregard for Plaintiffs' rights. Cackovic incorporates herein by reference the responses it has provided above as if fully set forth herein.

62.  Denied, and proof demanded at trial. Cackovic denies specifically that it caused any harm to Plaintiffs as answered above.

WHEREFORE, the Cackovic Defendants respectfully request that This Honorable Court dismiss the Plaintiffs' Complaint and enter judgment in their favor and against the Plaintiffs and grant such other and further relief as deemed appropriate, necessary and just, and to Order Plaintiffs to pay damages to Answering Defendants, jointly and severally, as set forth in the Counterclaim hereinbelow.

### DEFENDANTS' ROGER CACKOVIC, RJ CACKOVIC, INC. AND RJ CACKOVIC AUTO SALES, SERVICE AND RENTAL COUNTERCLAIM AGAINST PLAINTIFFS

63.  Answering Defendants' incorporate herein by reference the content of their answers hereinabove as if fully set forth herein.

64. Answering Defendants' only actions relating to anything alleged in the Complaint by the Plaintiffs were in provision of notary services and processing the transfer of a motor vehicle title.

65. Answering Defendants provided no advice to the parties as alleged by Plaintiffs, and did not provide directions to them other than to sign on the appropriate lines on the documents presented to them by individuals, Neihart and Giannone.

66. Answering Defendant had no contact with the police as alleged.

67. Despite the Plaintiffs' full awareness that none of the allegations lodged against answering defendants are true or have any reasonable basis or foundation, they have involved Answering Defendants in the instant litigation which now has exposed Answering Defendants to financial loss by having to engage counsel to represent them, and all costs related to foundationless litigation asserted against them.

68. Plaintiffs have accordingly engaged in a misuse of civil process and/or abuse of process.

69. By falsely asserting that Answering Defendants acted to deprive them of their federal legal rights as alleged, Plaintiffs have directly and been the proximate cause of Answering Defendants suffering monetary damages to defend themselves.

70. Answering Defendants assert that a Declaratory Judgment should issue to terminate the instant action, because after opportunity for a hearing thereon, the Court will determine that the Plaintiffs' allegations are foundationless.

### ANSWERING DEFENDANTS REQUEST FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C §2201.

71. Answering Defendants' incorporate herein by reference the content of their answers hereinabove as if fully set forth herein.

72. 28 U.S.C. § 2201 provides authority for This Honorable Court to determine the rights and obligations of the parties when an actual controversy exists.

73. The Plaintiffs have summarily alleged that all Defendants acted in a conspiracy and in concert to deprive the Plaintiffs of their rights under color of state authority.

74. The Plaintiffs have no proof that Answering Defendants acted under color of state authority, nor in concert with any other Defendants.

75. Absent a declaration of the parties' rights and responsibilities with respect to the instant controversy, the Answering Defendants will be subjected to ongoing litigation without legal foundation or proof.

WHEREFORE, Answering Defendants, the Cackovic Defendants, request that This Honorable Court agree to hear and decide upon the within request of the Answering Defendants for a Declaratory Judgment, and if denying that judgment, to enter judgment in favor of the Answering Defendants and against the Plaintiffs, dismissing the complaint as to the Answering Defendants, and granting a monetary judgment to Answering Defendants for damages sustained by Plaintiffs' misuse and/or abuse of civil process.

WILLIAM SALMON, ESQUIRE

_____
Attorney for Defendants, Roger Cackovic
d/b/a RJ Cackovic, Inc. and d/b/a
RJ Cackovic Auto Sales, Service & Rental

Dated:      October 14, 2013