**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carmino Giannone, et al. | : | |
| 324 Jefferson Street | : | |
| Norristown, PA 19401 | : | |
| | : | |
| Plaintiffs, | : | NO.:   13-5137 |
| | : | |
| v. | : | |
| | : | |
| Clyde Neihart | : | |
| d/b/a Stealth Recovery/Right Turn | : | |
| Transportation, et al. | : | |
| 2111 Sycamore Drive | : | |
| Harrisburg, PA 17112 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## **RULE**

AND NOW, this _____ day of _____, 2013, upon consideration of Plaintiff's Motion for Sanctions, and any response thereto, a Rule is hereby issued upon Defendant and his counsel to show cause why Plaintiff's Motion should not be granted pursuant to 28 U.S.C. § 1927, F.R.C.P. 11(c)(2), & F.R.C.P. 11(c)(3), for Defendant and his counsel's Counterclaim (Docket No. 12), on _____ day of _____, 2013, in Courtroom _____, at _____ a.m./p.m., before the undersigned.

_____
Joel H. Slomsky                                ,J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carmino Giannone, et al. | : | |
| 324 Jefferson Street | : | |
| Norristown, PA 19401 | : | |
| | : | |
| Plaintiffs, | : | NO.: 13-5137 |
| | : | |
| v. | : | |
| | : | |
| Clyde Neihart | : | |
| d/b/a Stealth Recovery/Right Turn | : | |
| Transportation, et al. | : | |
| 2111 Sycamore Drive | : | |
| Harrisburg, PA 17112 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2013, upon consideration of Plaintiff's Motion for Sanctions, and any response thereto, and a hearing held thereon, it is hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED, and Defendant and his counsel are sanctioned for their Counterclaim (Docket No. 12) pursuant to 28 U.S.C. § 1927, F.R.C.P. 11(c)(2), & F.R.C.P. 11(c)(3), individually, jointly and severally, in the amount of $5,000.00, payable to Plaintiff's counsel, within seven (7) days from the date of entry of this Order.

**AND IT IS SO ORDERED.**

_____
Joel H. Slomsky                                    ,J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carmino Giannone, et al. | : | |
| 324 Jefferson Street | : | |
| Norristown, PA 19401 | : | |
| | : | |
| Plaintiffs, | : | NO.:   13-5137 |
| | : | |
| v. | : | |
| | : | |
| Clyde Neihart | : | |
| d/b/a Stealth Recovery/Right Turn | : | |
| Transportation, et al. | : | |
| 2111 Sycamore Drive | : | |
| Harrisburg, PA 17112 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927, F.R.C.P. 11(c)(2), & F.R.C.P. 11(c)(3)**

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff respectfully requests this Honorable Court sanction Defendant and his counsel for their counterclaim (Docket No. 12) pursuant to 28 U.S.C. § 1927, F.R.C.P. 11(c)(2), & F.R.C.P. 11(c)(3), in the amount of $5,000.00, payable to Plaintiff's counsel, upon which Defendant and his counsel are individually, jointly and severally liable.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Sanctions consistent with the attached proposed Order.

                                                  **WEISBERG LAW**

                                                  /s/ Matthew B. Weisberg
                                                  Matthew B. Weisberg, Esquire
                                                  Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carmino Giannone, et al. | : | |
| 324 Jefferson Street | : | |
| Norristown, PA 19401 | : | |
| | : | |
| Plaintiffs, | : | NO.:   13-5137 |
| | : | |
| v. | : | |
| | : | |
| Clyde Neihart | : | |
| d/b/a Stealth Recovery/Right Turn | : | |
| Transportation, et al. | : | |
| 2111 Sycamore Drive | : | |
| Harrisburg, PA 17112 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927, F.R.C.P. 11(c)(2), & F.R.C.P. 11(c)(3)**

On October 14, 2013, Defendant filed his counterclaim. (Docket No. 12). As described in Plaintiff's motion to dismiss that counterclaim, Defendant's counterclaim is void of both a factual and legal predicate. (Docket No. 16 – incorporated by reference). As warned in Plaintiff's October 23, 2013 "safe harbor" correspondence with attached prospective instant motion to Defendant, that counterclaim is sanctionable pursuant to 28 U.S.C. § 1927, F.R.C.P. 11(c)(2), & F.R.C.P. 11(c)(3). (Exh. A).

Despite having been warned by both the "safe harbor" correspondence and, in fact, having been on notice by Plaintiff's Motion to Dismiss, Defendant and his counsel refuse to voluntarily dismiss that counterclaim. (Exh. B). This motion has been substantially[1] prospectively tendered and is timely filed.[2]

---

[1] *See*, Exh. A.
[2] By Defendant and his counsel's response (Exh. B), they waive Rule 11's "safe harbor."

As indicated in the safe harbor correspondence, the counterclaim is and was nothing more than a foundationless, bad faith reflexive vexation and harassment of Plaintiff for Plaintiff having initiated this action – not grounded in any law nor fact as applicable to the claimed cause of action.  To wit, the counterclaim's cause of action is wholly unsupported in its factual averments and as a matter of law untenable.

As this Honorable Court knows well pleadings' minimum sanctions avoidance requirements – of which the counterclaim does not meet in any respect, Plaintiff refrains from reiterating the well-known standards for sanctions herein requested. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1995, n. 13 (2007); <u>Clinton v. Jones</u>, 520 U.S. 681, 117 S.Ct. 1636, n. 42 (1997). Simply, Plaintiff has granted Defendant and his counsel every opportunity and notice to withdraw the counterclaim, and they have refused – not because of a misunderstanding, good faith belief in an otherwise non-meritorious cause, or mistake, but rather to bully and intimidate Plaintiff.[3]

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Sanctions consistent with the attached proposed Order.

                                                        **WEISBERG LAW**

                                                <u>/s/ Matthew B. Weisberg</u>
                                                Matthew B. Weisberg, Esquire
                                                Attorney for Plaintiffs

---

[3] *See*, Exh. B – threatening ethical ramifications for Plaintiff's mere compliance with Rule 11 and therein cover's expressed professional courtesy. (Exh. A). Notable in Respondents' missive (Exh. B), there is no explanation for the counterclaim – only threats and "argle-bargle."

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carmino Giannone, et al. | : | |
| 324 Jefferson Street | : | |
| Norristown, PA 19401 | : | |
| | : | |
| Plaintiffs, | : | NO.:   13-5137 |
| | : | |
| v. | : | |
| | : | |
| Clyde Neihart | : | |
| d/b/a Stealth Recovery/Right Turn | : | |
| Transportation, et al. | : | |
| 2111 Sycamore Drive | : | |
| Harrisburg, PA 17112 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 31st day of October, 2013, a true and correct copy of the foregoing Plaintiff's Motion for Sanctions was served via ECF and regular mail, respectively, upon the following parties:

Christopher Paul Boyle, Esq.
Marshall Dennehey Warner
Coleman & Goggin
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406

William R. Salmon, Jr., Esq.
Bucks County Office Center
1200 Veterans Highway, Suite C-0
Bristol, PA 19007

Clyde Neihart
d/b/a Stealth Recovery/Right Turn Transportation
2111 Sycamore Drive
Harrisburg, PA 17112

Joseph Venezia, Inc. d/b/a
J.V.I. Towing and Recovery
601 E. Morre Street
Norristown, PA 19401

                                        **WEISBERG LAW**

                                        <u>/s/ Matthew B. Weisberg</u>
                                        Matthew B. Weisberg, Esquire
                                        Attorney for Plaintiffs